IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS – PEORIA DIVISION

| | | |
|---|---|---|
| PHILIP K. MOTILL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| RYLAN D. BRIMEYER, Individually, and as | ) | |
| Agent and/or Employee of Joseph C. Bertling, and as | ) | |
| Agent and/or Employee of Bertling Pumping and | ) | |
| Application, LLC; | ) | |
| JOSEPH C. BERTLING; and | ) | |
| BERTLING PUMPING & APPLICATION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, PHILIP K. MOTILL, by his attorneys, Patrick E. Halliday of HALLIDAY LAW, LLC, and complaining of Defendants, RYLAN D. BRIMEYER, Individually, and as Agent and/or Employee of Joe C. Bertling, and JOE C. BERTLING. In support thereof, Plaintiff states as follows:

### Introduction

1.   This matter arises as the result of a motor vehicle collision between the Plaintiff, PHILIP K. MOTILL, and the Defendant, RYLAN D. BRIMEYER. On or about March 6, 2020, and at all times material, Plaintiff was operating his motor vehicle on eastbound Interstate 74 at or about milepost 80 located within the Rosefield Township, County of Peoria, State of Illinois. That as Plaintiff proceeded eastbound on I-74, he collided with the vehicle and farm equipment of the Defendant that was operating in an inappropriate manner and in violation of controlled access highway restrictions. That at the time of the collision, Defendant, RYLAN D. BRIMEYER, was

operating the vehicle and equipment as an agent and/or employee and at the direction of co-Defendants, JOSEPH C. BERTLING and BERTLING PUMPING & APPLICATION, LLC.

2. This action is brought pursuant to State of Illinois law claims sounding in negligence and respondeat superior liability for damages to Plaintiff as a result of sustained severe and pecuniary personal injuries.

## Jurisdiction and Venue

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 otherwise referred to as Diversity Jurisdiction.

4. Venue is proper under 28 U.S.C. § 1391(b) and (c). On information and belief, all the events giving rise to the claims asserted herein all occurred within this district.

## The Parties

5. Plaintiff, PHILIP K. MOTILL, at the time of the events at issue in this case, resided at 38 Amelia Drive in the City of Fort Oglethorpe, State of Georgia.

6. Defendant, RYLAN D. BRIMEYER, at the time of the events as issue in this case, resided at 13841 150th Street in the City of Maquoketa, State of Iowa. Further, that RYLAN D. BRIMEYER, was an agent and/or employee of co-Defendants, Joseph C. Bertling and Bertling Pumping & Application, LLC.

7. Defendant, JOSEPH C. BERTLING, at the time of the events in this case, resided at 357 Bernard Road in the City of Bernard, State of Iowa.

8. Defendant, BERTLING PUMPING & APPLICATION, LLC, at the time of the events in this case, was a company operating at 357 Bernard Road in the City of Bernard, State of Iowa

## Factual Background

9. On or about March 6, 2020, and at all times material, Defendant, BERTLING PUMPING & APPLICATION, LLC, was a limited liability company owned by Defendant, JOSEPH C. BERTLING, based out of the State of Iowa and conducting business within the state of Illinois

10. On or about March 6, 2020, and at all times material, Defendant, RYLAN D. BRIMEYER, was an agent and/or employee of Defendants, BERTLING PUMPING & APPICATION, LLC, and JOSEPH C. BERTLING.

11. On or about March 6, 2020, and at all times material, Defendants, BERTLING PUMPING & APPICATION, LLC, and JOSEPH C. BERTLING, held out Defendant, RYLAN D. BRIMEYER as an agent and/or employee.

12. On or about March 6, 2020, and at all times material, Defendant, RYLAN D. BRIMEYER, was acting within the course and scope of his agency and/or employment relationship with the Defendants, BERTLING PUMPING & APPLICATION, LLC, and JOSEPH C. BERTLING.

13. That on or about March 6, 2020, and at all times material, Interstate 74 was a public roadway running in a generally easterly and westerly direction at or near its milepost 80 in the Township of Rosefield, County of Peoria, State of Illinois.

14. That on or about March 6, 2020, and at all times material, Plaintiff, PHILIP K. MOTILL, was operating his motor vehicle on eastbound Interstate 74 at or near milepost 80 in the Township of Rosefield, County of Peoria, State of Illinois.

15. That at said time and place, Defendant, RYLAN D. BRIMEYER, was operating a motor vehicle and farm equipment in the eastbound lane shoulder of Interstate 74 at or near milepost 80 in the Township of Rosefield, County of Peoria, State of Illinois.

16. That on or about March 6, 2020, and at all times material, while Defendant RYLAN D. BRIMEYER, was operating his vehicle and farm equipment along the shoulder of Interstate 74 and partially into another eastbound lane, Plaintiff, PHILIP K. MOTILL, collided with the said vehicle that entered his lane of traffic.

17. That at said time and place, Defendant, RYLAN D. BRIMEYER, operated his vehicle and farm equipment in an illegal manner in violation of Illinois statutes in that he caused it to enter the lane of traffic and collide with the vehicle operated by Plaintiff, PHILIP K. MOTILL.

18. That on or about March 6, 2020, and at all times material, Plaintiff, PHILIP K. MOTILL, had the right of way traveling on eastbound Interstate 74 near milepost 80.

19. That on or about March 6, 2020, and at all times material, Defendant, RYLAN D. BRIMEYER, was cited for violation of 625 ILCS 5/11-711(a) to which he pled guilty to on June 16, 2020.

**COUNT I**
**Negligence**
**(Motill v. Rylan D. Brimeyer)**

20. That Plaintiff re-states and re-alleges paragraphs 1 through 19 of the Factual Background as and for paragraphs 1 through 19 of this Count I.

21. That at said time and place, Defendant, RYLAN D. BRIMEYER, had a duty to operate his vehicle and farm equipment in a reasonable and safe manner so as to avoid causing injury to Plaintiff and others.

22. That in doing so, Defendant, RYLAN D. BRIMEYER, was negligent in one or more or all of the following acts and/or omissions:

    (a) Carelessly and negligently failed to maintain an adequate and sufficient lookout;

(b) Carelessly and negligently operated a motor vehicle at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway in violation of Section 5/11-601(a) of Chapter 625 of the Illinois Compiled Statutes;

(c) Carelessly and negligently failed to maintain his vehicle within his lane of traffic without first ascertaining that such a movement can be made safely, in violation of Section 5/11-901(a) of Chapter 625 of the Illinois Compiled Statutes;

(d) Improperly disobeyed the controlled access and highway restrictions in place upon Interstate 74 in violation of Section 5/11-711(a) of Chapter 625 of the Illinois Compiled Statutes

(e) Operated, managed, maintained, controlled and/or drove his motor vehicle and farm equipment into collision with the Plaintiff;

(f) Improperly and carelessly operated farm equipment upon the Interstate in violation of Section 11-1418, of Chapter 625 of the Illinois Compiled Statutes;

(g) Carelessly and negligently pulled into Plaintiff's lane of traffic;

(h) Failed to display appropriate markings and reflectors to indicated location of his vehicle and farm equipment upon an interstate for other motorists to view.

23. That as a direct and proximate result of one or more or all of the foregoing negligent and careless acts and/or omissions of Defendant, RYLAN D. BRIMEYER, the Plaintiff, PHILIP K. MOTILL, suffered injuries of a personal, permanent and pecuniary nature.

WHEREFORE, the Plaintiff, PHILIP K. MOTILL, demands judgment against the Defendant, RYLAN D. BRIMEYER, for a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars in addition to the costs of this suit.

## COUNT II
### Negligence
### (Motill v. Joesph C. Bertling)

1-23. The Plaintiff, hereby adopts and re-alleges paragraphs 1-23 of the Factual Background and of Count I as and for paragraphs 1-23 of this Count II.

24. That on or about March 6, 2020, and all times material the motor vehicle and farm equipment operated by Defendant, RYLAN D. BRIMEYER, was leased and/or owned by Defendant, JOSEPH C. BERTLING.

25. At all relevant and material times, RYLAN D. BRIMEYER, was acting as a duly authorized agent and/or employee of Defendant, JOSEPH C. BERTLING, and was at all times acting within the scope and course of his agency or employment relationship at the time of the collision.

26. That at all relevant and material times, RYLAN D. BRIMEYER, had the permission of the vehicle's owner, JOSEPH C. BERTLING, to operate said vehicle in the course of usual and regular business.

WHEREFORE, the Plaintiff, PHILIP K. MOTILL, demands judgment against the Defendant, JOSEPH C. BERTLING, for a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars in addition to the costs of this suit.

## COUNT III
### Negligence
### (Motill v. Bertling Pumping & Application, LLC)

1-26. The Plaintiff, hereby adopts and re-alleges paragraphs 1-26 of the Factual Background and of Count I as and for paragraphs 1-26 of this Count III.

27.     That on or about March 6, 2020, and all times material the motor vehicle and farm equipment operated by Defendant, RYLAN D. BRIMEYER, was leased and/or owned by Defendant, BERTLING PUMPING & APPLICATION, LLC.

28.     At all relevant and material times, RYLAN D. BRIMEYER, was acting as a duly authorized agent and/or employee of Defendant, BERTLING PUMPING & APPLICATION, LLC, and was at all times acting within the scope and course of his agency or employment relationship at the time of the collision.

29.     That at all relevant and material times, RYLAN D. BRIMEYER, had the permission of the vehicle's owner, BERTLING PUMPING & APPLICATION, LLC, to operate said vehicle in the course of usual and regular business.

WHEREFORE, the Plaintiff, PHILIP K. MOTILL, demands judgment against the Defendant, BERTLING PUMPING & APPLICATION, LLC, for a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars in addition to the costs of this suit.

## JURY DEMAND

Plaintiff, PHILIP K. MOTILL, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

By: s/Patrick E. Halliday
*Attorney for Plaintiff*

Patrick E. Halliday (ARDC: 6281828)
Halliday Law, LLC
1225 N. North Street
Peoria, IL 61606
T: (309) 402-0001
F: (309) 673-1201
patrick@hallidaylegal.com